LUCKY CALENDAR CO., INC., PLAINTIFF-RESPONDENT, v. MITCHELL H. COHEN, PROSECUTOR OF PLEAS, CAMDEN COUNTY, NEW JERSEY, DEFENDANT-APPELLANT.

Decided December 5, 1955.

162

The attorneys in the above entitled case were *Mr. James E. Fagan* and *Messrs. Gilhooly, Yauch and Fagan* for the plaintiff.

*Mr. Grover C. Richman, Jr., Mr. Ralph L. Fusco* and *Mr. David M. Satz, Jr.,* for the defendant.

PER CURIAM. The plaintiff has moved for a rehearing so that it may convince the court:

1. That all reference and finding as to the "jingle calendar" should be deleted from its opinion and decision;
2. That findings of facts and assumptions of facts in its opinion that are not supported by the record should be deleted from the opinion; and
3. That under *N. J. S.* 2*A*:121-1 the "coupon calendar" described in the Appendix of this cause is legal and proper.

The plaintiff sought the aid of the court under *N. J. S.* 2*A*:16-50 to determine whether its sales promotional program entitled "Lucky Calendar" was a lottery and within the prohibition of *N. J. S.* 2*A*:121-1 *et seq.* In both its complaint and in the stipulation in lieu of testimony the plaintiff led the court to believe that it desired only to continue and expand the program it was then operating in other states and that the reason for the bringing of this action was to have it determined, in the light of the position taken by the defendant, whether its intended operation of the program in this State would subject it or Acme Stores to criminal prosecution. Either before or after the decision of the trial court, it modified the "Lucky Calendar" program so as to

include the requirement of a "jingle" and defended its position without disclosure of this change in its program. The court would never have known of the "jingle" change in the "Lucky Calendar" program if it had not been called to its attention at the oral argument by the defendant. Now, it has come to our attention that in disregard of this court's decision in this case of October 24, 1955, the Acme Stores, for whose benefit, in part, this action was allegedly brought, has continued the "Lucky Calendar" lottery in violation of the law.

██ In seeking discretionary relief to enable it to avoid criminal prosecution, the plaintiff was bound to make known the change in the program to the court, because it bore materially on its right to a decision, *Borchard, Declaratory Judgments* (2d ed., 1941), *page* 35. A plaintiff, in a proceeding for declaratory judgment, may not pick and choose the particular facts upon which it will submit the issue to the court. Nothing short of a full, *bona fide* disclosure in good faith of all the pertinent facts will suffice in an application for declaratory judgment.

██ The petition is denied, except that the plaintiff will be given until December 13 to file its brief setting forth its argument as to the validity of the "jingle calendar" only, as distinguished from the calendar set forth in the complaint and in the stipulation of facts. The defendant will have until December 17 to submit its brief. The reargument is set for December 19.

The plaintiff is directed to file with its brief a copy of the "Lucky Calendar" program as used in New Jersey since the decision of this court on October 24, 1955, together with a copy of the forms of newspaper and window announcements and a list of all the places where they have been exhibited.

*For granting in part*—Chief Justice VANDERBILT, and Justices HEHER, OLIPHANT, WACHENFELD, BURLING, JACOBS and BRENNAN—7.

*Opposed*—None.